

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-1884
Re: Payment of the claims of W. V.
Guthrie and W. E. Gorham or
other employees of Highway
Department similarly situated.

In your letter of January 20, 1940, you submit the following inquiry requesting an opinion of this department concerning the claims of the above-named parties:

"1. Under the circumstances surrounding the two above-styled claims, does the Department have any authority under Article 6674s, or subsequent acts of the legislature, to pay benefits to these or any other claimants similarly situated?

"2. Does the Department have any funds available for use in payment of benefits to the above claimants, or other claimants similarly situated?"

We construe your request as primarily concerning the proper construction to be placed upon Article 6674s, Vernon's Annotated Civil Statutes, as to whether its provisions inure to the benefit of employees of the department sustaining injuries prior to the effective date of insurance, fixed in accordance with the Act as of January 1, 1938. The only authority of the State Highway Department to pay benefits under the provisions of such Workmen's Compensation Law applicable to the State Highway Department is to be found under the provisions of the Act itself.

You particularly refer to the claims of two former employees, W. E. Gorham and W. V. Guthrie, who allege to have been injured on the dates of December 7 and October 27, 1937, respectively. As these dates are prior to January 1, 1938, your inclusion of the term "or any other claimants similarly situated"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

is to be interpreted as referring to members of a class of employees distinguished from others by reason of their sustaining some character of injury prior to January 1, 1938.

By the term "subsequent acts of the Legislature" you no doubt refer to House Bill 1047 and House Bill 1051, Acts of 1939, 46th Legislature. We have fully discussed these bills in a brief filed with the Industrial Accident Board, copies of which were furnished to your Insurance Director, Mr. E. M. Belcher, and to the attorneys handling the Gorham and Guthrie claims. We deem it unnecessary to review the authorities therein cited, under which we concluded that such bills were unconstitutional and void. The contention is made, though we do not share such view, that these bills inure to the benefit of employees of this class other than Gorham and Guthrie named therein. It can be assumed, however, that other employees of the class are "similarly situated," as the path of securing legislation similar to the above mentioned House Bills remains open to others, making it highly probable for such other employees to become "similarly situated."

We call your attention to the fact that this department is representing the Highway Department in separate suits filed, two each by W. E. Gorham and W. V. Guthrie, now pending in the District Courts of McLennan and Gaines Counties, respectively. Our defenses urged in said suits, which involve many questions raised, are on record in said courts. Needless to say, the answer to the questions propounded in your inquiry is dependent upon the question of liability under the Act, which will be ultimately passed upon by the courts.

This department has consistently followed a policy of refusing to render an opinion upon legal questions involved in suits pending wherein the courts will ultimately pass upon same. However, since your request affects employees of the class other than the two claimants Gorham and Guthrie, we herein express our views in accordance with those urged in said suits wherein the construction placed upon said Article 6674s by the State Highway Commission of Texas and the Industrial Accident Board of Texas, two separate and distinct administrative agencies, is necessarily challenged.

As stated, any authority to pay benefits under the provisions of Article 6674s, applicable to the State Highway Department, is to be derived from the Act itself. Article 6674s, being House Bill 420, Acts 1937, 45th Legislature, became a law, effective June 11, 1937. The following material provisions of this Act are to be noted, beginning with the caption of the bill:

"An Act providing workmen's compensation insurance for employees of the State Highway Department of Texas; defining certain terms; authorizing the State Highway Department to be self-insuring; providing that the State Highway Department shall administer this Act; ...

"Section 1. By virtue of the provisions of Section 59 of Article III of the Constitution of the State of Texas granting the Legislature power to pass such laws as may be necessary to provide for Workmen's Compensation Insurance for State employees, as in its judgment is necessary or required, and to provide for the payment of all costs, charges, and premiums on such insurance, provision is made as hereinafter set forth.

"...'Insurance' shall mean Workmen's Compensation Insurance. ...

"Sec. 3. After the effective date of this law any employee, as defined in this law, who sustains an injury in the course of his employment shall be paid compensation as hereinafter provided.

"The Department is hereby authorized to be self-insuring and is charged with the administration of this law. The Department shall notify the Board of the effective date of such insurance, stating in such notice the nature of the work performed by the employees of the Department, the approximate number of employees, and the estimated amount of pay roll.

"The Department shall give notice to all employees that, effective at the time stated in such notice, the Department has provided for payment of insurance. Employees of the Department shall be conclusively deemed to have accepted the provisions hereof in lieu of common law or statutory causes of action, if any, for injuries resulting in the course of their employment."

Pursuant to the authorization contained in said law, Section 3, supra, the State Highway Department gave written notice to the Industrial Accident Board that on January 1, 1938, at 12:01 O'Clock A.M., insurance was in effect.

The Act being complete within itself, becoming a law as aforesaid, by its own terms left its operation suspended until such time as the State Highway Department could set up its

insurance division and perform all other conditions, and establish rules and regulations necessary for providing insurance and paying benefits thereunder. The State Highway Department having been granted such power and authority, it is evident that until such insurance was provided and the department became self-insuring, no liability was imposed upon the Highway Department to pay benefits to its employees injured prior to the effective date of such insurance.

It is settled by many decisions that there is no room for construction when a law is expressed in plain and unambiguous language and its meaning is clear and obvious. In such a case, the law will be applied and enforced as it reads, regardless of its policy or purpose, or the justice of its effect. 39 Tex. Jur. para. 88, p. 161.

The notice given by the Highway Department to the Industrial Accident Board, providing insurance effective January 1, 1938, 12:01 A.M., is to be read a part of said Act. There can be no implied legal obligation on the part of the State Highway Department to extend benefits to those employees injured prior to January 1,1938. We are mindful that injured workmen had no common law or statutory cause of action against the State growing out of injuries sustained prior to the extending of benefits under this law. "Employee" and "subscriber" go hand in hand. It is not believed that the Legislature, in vesting the State Highway Department with authority to administer the Act and provide insurance, overlooked the contemporaneous construction placed on the procedural steps ordinarily taken and the accepted meaning of the terms "employee" and "subscriber" as used in the general Workmen's Compensation Laws, a necessary requisite to the creation of such statutory liability.

As said in Southwestern Surety Insurance Co. v. Curtis et al, 200 S.W. 1162 (writ refused), "The issuance of the contract, followed by the injury, created the liability, ..." Employees of the department did not automatically become "employees" within the plain meaning and intent of the Act. They had no vested right in the funds created until such time as actual notice, as provided in Section 3, supra, was given by the Department.

It is presumed that the power and authority granted to the State Highway Department to become self-insuring, being co-extensive with that authorizing the employment of competent clerks, bookkeepers, office help in general, obtain printing

contracts and supplies, and to exercise their judgment in the setting up of rules and regulations, looking to the creation of a new system necessary for providing benefits under the Act, is judiciously exercised, all of which was a necessary prerequisite to putting such insurance in force and calling said Act into operation.

"It is the general rule that where an act is clothed with all the forms of law and is complete in and of itself, it is fairly within the scope of the legislative power to prescribe that it shall become operative only on the happening of some specified contingency, contingencies, or succession of contingencies. Such a statute lies dormant until called into active force by the existence of the conditions on which it is intended to operate."
16 C. J. S. para. 141, p. 415.

We therefore respectfully advise you that it is the opinion of this department that the Highway Department is not authorized to pay benefits from the insurance fund set aside under Article 6674s, Vernon's Annotated Civil Statutes to employees injured prior to January 1, 1938. Having answered your first question in the negative, it is unnecessary to answer the second question propounded.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

WmK:pbp

APPROVEDMAR 26, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN